ROBERT H. JONES, Plaintiff, *v.* FRANK R. AULLS, as County Treasurer of the County of Steuben, and the TOWN OF URBANA, and the TOWN OF WAYNE, Defendants.

Supreme Court, Steuben County, January, 1924.

Statutes — construction — action to restrain collection of tax levied on parcel divided by boundaries of two towns — when practical construction of statutes by public officers required to act thereunder will be given effect.

Maps of the state and its counties prepared by David H. Burr under the authority of chapter 2 of the Laws of 1827, one published in 1829 and the other in 1839, show that a certain fractional lot No. 7 is in the town of Urbana, Steuben county, as does also the topographical map prepared by the United States Geological Survey. Plaintiff's lands, which lie within said fractional lot No. 7, were included in a farm belonging to one whose residence was not located on said lot but was across the road in the town of Wayne, and the lands were assessed in that town. In 1882, when the farm was sold, the lands were assessed in the town of Wayne. During that year the farm residence was moved back on fractional lot No. 7 and thereafter the property was assessed in the town of Urbana. At that time, the Revised Statutes provided that " when the line between two towns or wards divides a farm or lot, the same shall be taxed in the town or ward where the occupant resides." The lands included in said fractional lot No. 7 were assessed in the town of Urbana until 1922, when both towns levied taxes against it. In 1883 the town of Urbana laid out a highway along Keuka lake through the property in dispute, and commissioners were appointed to assess the damages, which were paid by the town of Urbana which thereafter maintained the highway. In an action to restrain the collection of a

tax levied by the town of Urbana upon the lands of plaintiff and to have said tax declared void, *held,* that the statute (Revised Statutes, 1829) fixing the boundaries of the towns of Urbana and Wayne, being uncertain and indefinite and it being impossible to determine therefrom the exact boundaries, the practical construction given to said statute by public officials required to act thereunder will be given effect, and the defendants, the county treasurer of Steuben county and the town of Urbana, are, therefore, entitled to a judgment in their favor, with costs.

ACTION to restrain the collection of a tax levied by the town of Urbana upon lands owned by the plaintiff and to have such tax declared void.

*James McCall,* for plaintiff and for defendant Town of Wayne.

*Walter S. Drew,* for defendant Town of Urbana.

*James H. Flaherty,* for defendant Frank R. Aulls, as county treasurer.

CUNNINGHAM, J. Plaintiff seeks to have set aside a tax levied by the town of Urbana upon lands owned by him, claiming that such lands are situate in the town of Wayne and not in the town of Urbana. The dispute really relates to the boundary line between the two towns.

The Revised Statutes of 1829 fix the boundaries of the towns of Urbana and Wayne. (See 3 R. S. 96, § 40, subd. 20; Id. 97, § 40, subd. 21.) The town of Urbana as thus constituted lies on both sides of Keuka lake extending along the southerly portion of the ake and some distance outh of the southerly terminus of the lake. The easterly boundary of the town is described as running " to the northeast corner of the southwest quarter of Township 5 in the second range." This is the usual description of a line extending to the center of a township.

It appears that the lots in township 5 were generally 168 perches in width except in the twelfth range where the lots were 220 perches in width. It was undoubtedly intended to have the east line of the town of Urbana terminate on a lot line, but the draftsman of the statute evidently overlooked the fact that all of the lots in township 5 were not of the same size and the center of the township was somewhere in the middle of a lot, which point could not be exactly determined. After fixing the northerly end of the easterly line of the town the description continues: " and then west to the place of beginning." But a line running westerly from the northerly terminus of the easterly boundary of the town of Urbana would not come anywhere near the place of beginning. It is apparent that there is an ambiguity in the description contained in the statute. That this is so is shown further by the maps produced in evidence upon the trial of this case, from which it appears

that cartographers differ as to the boundary line between the towns of Urbana and Wayne.

The plaintiff's lands lie within fractional lot No. 7 in the sixth range of lots, township 5 in the second range of townships in Steuben county. In laying out township 5, lot No. 7 in the sixth range of lots was made smaller because it bordered on the easterly shore of Keuka lake, and to have made it of the same size as the other lots it would have been necessary to include within its boundaries a portion of the lake. The question to be decided is whether fractional lot No. 7 is located in the town of Urbana or in the town of Wayne.

Chapter 2 of the Laws of 1827 (2d meeting) authorized David H. Burr to make maps of this state and of the different counties of the state and to deliver the same to the surveyor-general and comptroller who were then required to cause the maps to be engraved and printed and to furnish to each town a copy of the map of the county in which the town is situated. Maps prepared under this statute and published by the surveyor-general were introduced in evidence, one published in 1829 and the other in 1839. They both show that fractional lot No. 7, above referred to, is in the town of Urbana. The topographical map prepared by the United States Geological Survey, the state of New York being represented by the state engineer and surveyor, also shows this lot as being in the town of Urbana.

Plaintiff's lands were included in a farm belonging to one W. N. McCoy. McCoy's residence was not located in fractional lot No. 7, but was across the road in the town of Wayne and the lands were then assessed in the town of Wayne. In 1882 McCoy sold the farm to Henry O. Fairchild. In that year the lands were assessed in the town of Wayne. During the year 1882 the farm residence was moved across the road and located on fractional lot No. 7, and thereafter the property was assessed in the town of Urbana. At that time the Revised Statutes provided that " when the line between two towns or wards divides a farm or lot, the same shall be taxed in the town or ward where the occupant resides." The assessors of the two towns must, therefore, have determined that fractional lot No. 7 was in the town of Urbana. The lands included in this lot were assessed in the town of Urbana and not in the town of Wayne until 1922, when both towns levied taxes against them. The property on the lake shore had in the meantime been improved and built upon and the town of Wayne sought to place it upon its tax rolls. It is thus shown conclusively that until 1922 the assessors of both towns recognized fractional lot No. 7 as being in the town of Urbana.

In 1883 the town of Urbana laid out a highway along Keuka lake through the property in dispute. Commissioners were appointed to assess the damages which were paid by the town of Urbana, which town thereafter maintained the road. Until this dispute arose fractional lot No. 7 was recognized by officials of both the towns of Urbana and Wayne as being located in the town of Urbana.

The statute fixing the boundaries of the towns of Urbana and Wayne being uncertain and indefinite and it being impossible to determine therefrom the exact boundaries, the practical construction of this statute by public officials required to act under it should be given effect. *Matter of City of New York,* 217 N. Y. 1–12; *Bullock* v. *Cooley,* 225 id. 566–571.

It would not be proper for the court, upon the evidence in this case, to alter the boundary line between the towns of Urbana and Wayne which has been recognized by public officials and accepted by the officers of the towns ever since the enactment of the statute fixing and describing the boundaries of these towns.

Judgment may be entered in favor of the defendants Frank R. Aulls, as county treasurer of the county of Steuben, and the town of Urbana, with costs.

Judgment accordingly.